■ CHARLES BERNEY et al., Respondents-Appellants, v. NATHAN L. BRODIE et al., Appellants-Respondents.— Judgment of the Supreme Court, Putnam County, dated April 22, 1968, modified, on the law, by deleting so much of the fifth decretal paragraph as awards $750 in damages to plaintiffs. As so modified, judgment affirmed, without costs. The findings of fact are affirmed. In our opinion, under the terms of the judgment of May 7, 1965, as modified by this court (*Berney* v. *Brodie,* 26 A D 2d 679), the awarding of damages for the destruction of trees and shrubs was not within the purview of the trial court upon the remission of the action. Christ, Acting P. J., Brennan, Hopkins and Martuscello, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum: I still believe that plaintiffs are not entitled to the relief granted them by this court and the trial court, and I wish to restate what I said in my dissenting memorandum on the prior appeal (*Berney* v. *Brodie,* 26 A D 2d 679, 680). I need only add that my reference, in that prior dissent, to an " accurate survey " showing the house mainly on plaintiffs' land, may have been itself inaccurate, since subsequent surveys made at defendants' request seem to indicate that the boundary line is actually so located that defendants' house is entirely on their own land. And if that is so, plaintiffs obviously would be entitled to no relief at all. In any event, whether the house be partly on plaintiffs' land or entirely on defendants' land, the relief granted to plaintiffs by this judgment seems to me to result in a miscarriage of justice, which is not mandated by this record.

■ JOAN A. COFFEY, Appellant, v. JOHN J. COFFEY, Respondent.— In an action for separation, the plaintiff wife appeals, as limited by her brief, from a portion of an order of the Supreme Court, Queens County, dated June 6, 1968. The order, on reargument, adhered to a previous decision of said court which granted plaintiff's motion for temporary alimony, counsel fees and custody of the parties' infant child. Her brief limits her appeal to so much of the determination as did not restrict to defendant himself his visitation with the child, including overnight visitation. Order modified, on the law and the facts, (1) by striking from the fifth ordering paragraph, which grants defendant visitation, the provision which permits part of the visitation to be had on one weekend in each calendar month and (2) by substituting therefor a provision that defendant may have visitation with the child on one Saturday and one Sunday in each calendar month, from 10:00 A.M. to 8:00 P.M., provided defendant shall give plaintiff one week's advance notice of each Saturday and Sunday selected by him. As so modified, order affirmed insofar as appealed from, with $10 costs and disbursements to appellant. In our opinion, pending trial on all the issues, all visitation rights granted to defendant, apart from the two-week summer vacation period, should have been limited to the hours from 10:00 A.M. to 8:00 P.M. Christ, Acting P. J., Brennan, Hopkins, Benjamin and Martuscello, JJ., concur.